UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANDREW JOSEPH BIZET, | ) 3:12CV1476 |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) JUDGE PATRICIA GAUGHAN |
| | ) (Mag. Judge Kenneth S. Mchargh) |
| | ) |
| TONY LEE, | ) |
| Warden, | ) |
| | ) |
| | ) |
| Respondent | ) REPORT AND |
| | ) RECOMMENDATION |

McHARGH, MAG. JUDGE

 The petitioner Andrew Joseph Bizet ("Bizet") filed a petition pro se for a writ of habeas corpus arising out of his 2008 conviction for sexual battery in the Allen County Court of Common Pleas.  (Doc. 1.)  In his petition, Bizet raises four grounds for relief:

 1.  I was sentenced to an illegal prison term of 10 years when the law of the land only permitted my sentence to be ran [sic] as one term of five years (... concurrent) as I was post Foster and pre-Fischer.

 2.  Illegal Fischer hearing.  Was denied ample time to prepare for a Fischer hearing, went to hear motion to withdraw plea among other motions but all were not heard due to the fact I brought up my void PRC.

 3.  Trial court counsel was ineffective due to failure to look investigate all mitigating evidence, and violated the Rules of Professional Conduct by showing his lack of professionalism, failure to file city taxes as well as being found guilty of ineffective counsel prior to my case.  His

history of ineffectiveness speaks for itself violating my right to a fair
trial.

4.  Trial court violated my rights by failing to hear any presentence
motions that were filed and simply ignored them and went on to an
illegal hearing that gave me no time to prepare for.  This violates my
right to a fair trial and equal protection.  the court failed to allow me to
request and medical evaluations to look into the truthfulness of the
witnesses.  This also violates my right to a fair trial.  Trial court failed
to allow me to view by camera the statements the witnesses made.

(Doc. 1, § 12.)

The respondent has filed a motion to dismiss, arguing that Bizet's claims are

barred by the one-year statute of limitations.  (Doc. 12.)  Bizet has filed a

memorandum in opposition.  (Doc. 15.)


## I.  FACTUAL AND PROCEDURAL BACKGROUND

The court of appeals set forth the following procedural background:

In March 2008, the Allen County Grand Jury entered a three-count
indictment against Bizet.  Bizet was indicted on three counts of sexual
battery in violation of [Ohio Rev. Code §] 2907.03(A)(5), a felony of the
third degree.  Bizet entered pleas of not guilty to all counts in the
indictment.

In September 2008, the matter proceeded to a change of plea hearing.
Pursuant to a negotiated plea agreement, Bizet entered pleas of guilty
to counts one and two of the indictment.[1]  In return, the State
dismissed count three of the indictment.  Thereafter, the trial court
conducted a thorough Crim.R. 11 colloquy, found that Bizet entered his
pleas knowingly, intelligently, and voluntarily, and accepted his pleas
of guilty.[2]

---

[1]  (Doc. 12, RX 5, Negotiated Plea.)

[2]  (Doc. 12, RX 4, Judgment Entry of Conviction.)

In October 2008, the matter proceeded to sentencing.  The trial court sentenced Bizet to a five-year prison term on count one, and a five-year prison term on count two, and ordered the sentences to be served consecutively.  During the sentencing hearing the court informed Bizet that he was "subject to a mandatory five years of post-release control * * *."  Sentencing Hearing Tr., p. 12.  The trial court's sentencing judgment entry, however, stated that Bizet "[u]pon the completion of the prison term * * * shall be subject to such further period of supervision under POST RELEASE CONTROL as the parole board may determine pursuant to law (up to 5 years)."  Sentencing Judgment Entry[3], p. 3.

Bizet did not file a direct appeal.

In January 2011, Bizet filed a Motion to Withdraw Guilty Plea and a Motion to Vacate a Void Judgment.  The memoranda filed in support of each motion were identical.  Bizet argued that the sentencing judgment entry erroneously stated that he was subject to post-release control for "up to 5 years," that he received ineffective assistance of counsel, and that the trial court erred in sentencing him to maximum consecutive sentences.

On February 14, 2011, the matter proceeded to a hearing on Bizet's Motion to Withdraw Guilty Plea and his Motion to Vacate a Void Judgment.  During the hearing, the trial court re-sentenced Bizet, pursuant to State v. Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, to resolve the erroneous statement of post-release control within the original sentencing entry.  Noting that Bizet was properly informed of the mandatory five-year term of  post-release control in the written negotiated plea agreement and during the sentencing hearing, the trial court informed Bizet that he was subject to a mandatory five-year term of  post-release control.  See February 14, 2011 Hearing Tr., p. 15.

On February 15, 2011, the trial court filed its judgment entry denying Bizet's Motion to Withdraw Guilty Plea and his Motion to Vacate a Void Judgment.  The trial court's judgment entry also included an order stating that "defendant is subject to mandatory post-release

---

[3]  (Doc. 12, RX 6.)

3

control for five years as part of his sentence."  February 15, 2011
Judgment Entry[4], p. 14.

(Doc. 12, RX 16, at 2-4.)

Bizet filed an appeal of these decisions to the Ohio Court of Appeals, raising

three assignments of error:

> 1.  Defendant was denied effective assistance of counsel.
>
> 2.  Denial of defendant's motion to withdraw guilty plea was an abuse
> of discretion.
>
> 3.  Defendant's resentencing pursuant to State of Ohio v. Fisher was
> improper as defendant did not have notice of hearing or time to
> prepare.

(Doc. 12, RX 14.)  On Nov. 21, 2011, the court of appeals affirmed the judgment of

the trial court.  (Doc. 12, RX 16.)

On March 1, 2012, Bizet filed a motion for leave to file a delayed appeal to

the Supreme Court of Ohio.  (Doc. 12, RX 18.)  On April 18, 2012, the state high

court denied his motion for delayed appeal, and dismissed the case.  (Doc. 12, RX

19; State v. Bizet, 131 Ohio St.3d 1508, 965 N.E.2d 310 (2012).)


## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal

courts must apply when considering applications for a writ of habeas corpus.  Under

---

[4]  (Doc. 12, RX 10.)

the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

## III.  STATUTE OF LIMITATIONS

The respondent has moved to dismiss the petition, arguing that the claims are barred by the statute of limitations.  (Doc. 12, at 7-10.)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final."  Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)).  The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari.  Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001) (citing cases).

Bizet was sentenced on his conviction on Oct. 20, 2008.  (Doc. 12, RX 6.) Under Ohio law, Bizet had 30 days within which to file his direct appeal after the date of sentencing.  Ohio R. App. P. 4(A).  Since he did not file a timely direct appeal, his conviction became final 30 days after the journal entry of sentencing on Oct. 20, 2008.  (Doc. 12, RX 6.)  Thus, the statute began to run on Nov. 20, 2008,

6

and ordinarily would  expire one year later.  See, e.g., Goodballet v. Mack, 266 F.Supp. 2d 702, 705 (N.D. Ohio 2003).

Bizet did not file a direct appeal, and his Motion to Withdraw Guilty Plea and a Motion to Vacate a Void Judgment were not filed until January 6, 2011 (doc. 12, RX 8) and Jan. 25, 2011 (doc. 12, RX 9), after the habeas statute of limitations had expired.  Although filing a post-conviction or collateral motion may toll the running of a pending, unexpired one-year limitations period, Souter v. Jones, 395 F.3d 577, 585 (6th Cir. 2005), it will not "revive" the statute, or cause it to begin running anew.  Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005); Hill v. Randle, No. 00-4168, 2001 WL 1450711, at *2 (6th Cir. Nov. 7, 2001); Searcy v. Carter, 246 F.3d 515, 519 (6th Cir.), cert. denied, 534 U.S. 905 (2001).  The statute of limitations period had already expired in November 2009.  Thus, Bizet's petition for writ of habeas corpus is untimely.

In his memorandum in opposition, Bizet does not respond to the statute of limitations issue.  See generally doc. 15.  The respondent, however, had raised an issue concerning whether the state court's Feb. 15, 2011, order clarifying that Bizet is subject to mandatory post-release control for five years as part of his sentence, should affect the limitations period.  In certain cases, the one-year limitations period for a claim that challenges a resentencing judgment begins on the date that the resentencing judgment became final, rather than the date that the original conviction became final.  See, e.g., Linscott v. Rose, 436 F.3d 587, 591 (6th Cir.

7

2006).  The respondent argues that an order correcting a clerical error is not such a resentencing judgment for purposes of extending the limitations period.  (Doc. 12, at 10-15.)  The court finds this argument well-founded.

The negotiated plea of guilty that Bizet signed on Sept. 4, 2008, had advised him that he would be "subject to a mandatory period of post release control . . . of 5 years."  (Doc. 12, RX 5, at 2.)  At the plea hearing that same day, the court advised Bizet that:  "You will be on post-release control after prison for five years."  (Doc. 12, Plea Hearing Tr., at 7.)  A discussion of the implications of post-release control followed.  Id. at 7-9.

As the state court of appeals noted, at his subsequent October 2008 sentencing hearing, the court properly informed Bizet again that he was subject to a mandatory five years of post-release control.  (Doc. 12, RX 16, at 2, quoting Sentencing Hearing Tr., p. 12).  The court's Judgment Entry of Sentencing, however, incorrectly reflected a period of post-release control "up to 5 years."  (Doc. 12, RX 6, at 3.)

At the Feb. 14, 2011, hearing, the court noted for the record that "at the sentencing hearing the defendant was properly notified of P.R.C. being mandatory. He was also properly notified at the time of his plea."  (Doc. 12, Motion Hearing Tr., at 15.)  To the extent that the judgment entry incorrectly had the words "up to" in it, the court clarified that Bizet was indeed subject to mandatory five years of post-

8

release control, as he had been advised in court, and characterized that as resentencing under Fischer.[5]  Id.

The state court's Feb. 2011 order is in the nature of a nunc pro tunc judgment entry.  "Nunc pro tunc entries are used to make the record reflect what the court actually decided and not what the court might or should have decided or what the court intended to decide."  State v. Lester, 130 Ohio St.3d 303, 310, 958 N.E.2d 142, 149 (2011); see also Davis v. Coleman, No. 5:11CV996, 2012 WL 967300, at *7 (N.D. Ohio Mar. 6, 2012) (same).  A nunc pro tunc entry applies retrospectively to the judgment it corrects, and is not a "new" order.  Lester, 130 Ohio St.3d at 310, 958 N.E.2d at 149.

In the habeas context, "courts have held that a trial court's nunc pro tunc judgment entry to correct a technical or clerical error in the original sentence does not constitute a new judgment of sentence that restarts the running of the § 2244(d)(1)(A) statute of limitations."  Eberle v. Warden, Mansfield Corr. Inst., No. 1:11CV867, 2012 WL 4483066, at *12 (S.D. Ohio Aug. 2, 2012) (citing cases); see also Davis, 2012 WL 967300, at *6-*7.

The nunc pro tunc resentencing order here did not substantively alter the original judgment entry, in that the state court imposed the same sentence as it had

---

[5]  It is arguable whether Fischer applies, in that Fischer concerns a "sentence that does not include the statutorily mandated term of postrelease control."  State v. Fischer, 128 Ohio St.3d 92, 93, 942 N.E.2d 332, 335 (2010) (syllabus).  However, that is a question of state law.

9

before, and the same terms of post-release control it had pronounced in open court, but simply corrected an error in the judgment entry concerning the mandatory term of post-release control.  See, e.g., Davis, 2012 WL 967300, at *7.  The correction was clerical in nature and did not involve a legal decision or judgment, thus an  appeal from the nunc pro tunc judgment order would not be permitted under Ohio law. Davis, 2012 WL 967300, at *7; Lester, 130 Ohio St.3d at 304, 958 N.E.2d at 144 (syllabus) (nunc pro tunc judgment entry issued to correct clerical omission in judgment entry is not new final order from which appeal may be taken).  More importantly, it would not restart the running of the habeas statute of limitations. Eberle, 2012 WL 4483066, at *12; Davis, 2012 WL 967300, at *7.

Bizet's petition for writ of habeas corpus is untimely.  The motion to dismiss (doc. 12) should be granted, and the petition dismissed as untimely.

<u>RECOMMENDATION</u>

It is recommended that the petition for a writ of habeas corpus be dismissed.


Dated:  Apr. 11, 2013                          /s/ Kenneth S. McHargh
                                      Kenneth S. McHargh
                                      United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the

Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file

objections within the specified time WAIVES the right to appeal the District Court's

order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d

947 (6th Cir. 1981).

11