UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Andrew Joseph Bizet, | ) | CASE NO. 3:12 CV 1476 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Tony Lee, Warden, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

### Introduction

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Kenneth McHargh (Doc. 19) which recommends dismissal of the Petition for Writ of Habeas Corpus pending before the Court. Petitioner did not file objections to the Report and Recommendation. For the following reasons, the Report and Recommendation is ACCEPTED.

### Standard of Review

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or

1

recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation."When no objections have been filed this Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.  *See* Advisory Committee Notes 1983 Addition to Federal Rule of Civil Procedure 72.

### Discussion

Petitioner was sentenced in the Allen County Court of Common Pleas in October 2008 following his guilty plea to two counts of sexual battery.  The Magistrate Judge found the Petition to be time-barred.  For the following reasons, having found no clear error, this Court agrees.

The Magistrate Judge determined the following.  Petitioner was sentenced on October 20, 2008. He did not file a direct appeal, and his conviction became final 30 days after the journal entry entered on the date of his sentencing.  Thus, the applicable one year statute of limitations contained in the AEDPA began to run on November 20, 2008.  The limitations period expired in November 2009 as petitioner did not file anything within that period including his habeas Petition which was not filed until June 2012.  Petitioner did file a motion to withdraw his guilty plea and a motion to vacate a void judgment in January 2011. But, because the statute of limitations had already expired, the statute was not revived or caused to begin running anew. Furthermore, the state court's February 2011 order clarifying petitioner's sentence did not affect the limitations period because it was merely a *nunc pro tunc* judgment correcting a technical or clerical error.  It was not a new judgment restarting the statute of limitations.  Because the 2012 habeas Petition was clearly beyond the one year period, it is

time-barred.

For the reasons stated above, and those stated in the Report and Recommendation which is incorporated herein, the Petition for Writ of Habeas Corpus is denied.

**Conclusion**

Accordingly, the Report and Recommendation is accepted. The Petition for Writ of Habeas Corpus is dismissed. Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 5/6/13